UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

ZEIGER CRANE RENTAL, INC., *et al.*,

Debtors.
_____ /

Chapter 11

Case No.: 11-14183-BKC-EPK
(Jointly Administered)

## AMENDED MODIFICATION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

ZEIGER CRANE RENTAL, INC., ATLANTIC LEASING, INC. and DYER ROAD PROPERTY, LLC (collectively, the "Debtors"), by and through their undersigned counsel, file their *Amended Modification to First Amended Joint Plan of Reorganization* (the "Modification") and state as follows:

1. On August 10, 2011, the Debtors filed their *First Amended Joint Plan of Reorganization* (the "Plan") (D.E. #217). The Court has scheduled a hearing to consider confirmation of the Plan for September 30, 2011 at 9:30 a.m.

2. Subsequent to filing the Plan, the Debtors and People's United Equipment Finance Corporation ("People's") have negotiated a modification of Section 4.02 of the Plan, which pertains to the treatment of People's claim.

3. These negotiations have resulted in the revised Section 4.02 set forth in Exhibit "A" hereto, which shall supersede in its entirety Section 4.02 of the Plan and further supercedes the *Modification to First Amended Joint Plan of Reorganization* (D.E. #320) filed on September 29, 2011.

18525236v1 0920630

4. The Debtors accordingly seek approval of the Plan as modified, provided, however, that the Debtors reserve the right to further amend or modify the Plan in accordance with Section 12.07 of the Plan.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

|  | HINSHAW & CULBERTSON, LLP<br>Attorneys for Debtors<br>One East Broward Blvd., Suite 1010<br>Ft. Lauderdale, FL  33301-1804<br>(954) 467-7900 - telephone<br>(954) 467-1024 – facsimile<br><br><br>By:  /s/Michael D. Seese<br>     Michael D. Seese<br>     Florida Bar No. 997323<br>     mseese@hinshawlaw.com |
|---|---|

18525236v1  0920630

# EXHIBIT "A"

**4.02    Class 2.  Allowed Secured Claim of People's**

(a)    <u>Description</u>.  Class 2 consists of the Allowed Secured Claim held by People's (the "<u>People's Claim</u>") as of the Effective Date.  The Allowed Class 2 Claim represents that portion of the People's Claim that is secured by (i) the real property owned by Dyer Road (the "<u>Real Estate</u>"), and (ii) other miscellaneous property consisting of accounts receivable, parts, and miscellaneous items (but excluding any of the Collateral securing the Allowed Class 3, Class 4, Class 5 and Class 6 Claims) (the "<u>Miscellaneous Collateral</u>").

(b)    <u>Treatment</u>.  The Allowed Class 2 Claim shall be treated as follows:

(i)    The terms and conditions of the Settlement attached to this Plan as Exhibit "A" are incorporated in their entirety by reference.  Except as otherwise modified by this Section 4.02(b), in the event of any other inconsistency between the Settlement and the Plan, the Settlement shall prevail;

(ii)    Commencing on the Effective Date, and each thirty (30) days thereafter, People's shall be paid six (6) equal monthly payments in the amount of $81,395.00 (the "<u>Initial Class 2 Payment</u>").  Commencing in the seventh (7th) month following the Effective Date and continuing until the Real Estate is redeemed or sold consistent with the Settlement, the Initial Class 2 Payment shall be adjusted to, and People's shall be paid, the following: (x) $30,104.00, <u>plus</u> (y) an additional amount calculated by amortizing the difference between the Allowed Claim of People's (as of the Effective Date) <u>and</u> the amount outstanding as of the Effective Date of the Plan on the promissory note secured by the Real Estate, based on a sixty (60) month amortization using an interest rate of eight and one-half percent (8.5%) per annum.  The Initial Class 2 Payment shall be adjusted in the event that People's is paid any proceeds (a) from the sale or disposition of any of the Surrendered Equipment (as defined in the Settlement) in excess of the amount credit bid by People's at the public sale held on June 7, 2011 (the "<u>Excess Amount</u>"), provided such sale or disposition occurs prior to October 23, 2011, and further provided that the Allowed Claim of People's shall be reduced only by the Excess Amount, and/or (b) from the sale or disposition of any of the Real Estate or Miscellaneous Collateral;

(iii)    Commencing in the month following disposition of the Real Estate consistent with the terms and conditions of the Settlement, the Allowed Class 2 Claim shall be reduced accordingly, and the Initial Class 2 Payment shall be recalculated to a monthly payment amount equal to the value of the Miscellaneous Collateral (determined as of the Effective Date) amortized over a number of months equal to (a) sixty (60), less (b) the number of months having elapsed since the Effective Date, using an interest rate of eight and one-half percent (8.5%) per annum (the "<u>Recalculated Class 2 Payment</u>").  The Recalculated Class 2 Payment shall continue for the number of months remaining on the initial sixty (60) month amortization; and

(iv)    The amount of the People's Claim, <u>less</u> the value received by People's for the Real Estate consistent with the Settlement, <u>less</u> the value of the Miscellaneous Collateral, and <u>less</u> the Excess Amount received by People's on account of any sale or disposition of the Surrendered Equipment that occurs prior to October 23, 2011, shall be an Allowed Class 9 Claim; and

    (v) Provided that the Reorganized Debtors continue to make payments required under Section 4.02(b)(ii) and (iii) above and no Termination Event as defined under the Settlement shall have occurred, People's shall forego any distributions from the S. Zeiger Contribution on account of its Allowed Class 9 Claim; and

    (vi) People's shall retain its Lien against all Collateral against which People's held a lien as of the Petition Date and its Post-Petition Liens (as defined in the Final Order Authorizing the Use of Cash Collateral (except to the extent such Collateral is disposed of in the ordinary course (in which case such Lien will attach to the proceeds of such sale) or consistent with the Settlement) in order to secure the Allowed Class 2 Claim.

  (c) <u>Impairment</u>. The Class 2 Claim is Impaired.

18524766 0920630