

**ORDERED in the Southern District of Florida on September 30, 2011.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**IN RE:**

**ZEIGER CRANE RENTAL, INC.,** *et al.*,

    **Debtors.**
_____ /

**Chapter 11**

**Case No.: 11-14183-BKC-EPK**

**(Jointly Administered)**

**AGREED ORDER ON TCF EQUIPMENT FINANCE, INC.'S**
**(A) MOTION FOR RELIEF FROM STAY AND (B) MOTION TO ENFORCE**
**SETTLEMENT WITH DEBTORS**

    **THIS CAUSE** came before the Court on September 14, 2011 upon the schedule hearing on (a) TCF Equipment Finance, Inc.'s *Motion to Enforce Settlement With Debtors* (the "Motion") (D.E. # 228), and (b) the Debtors' *Response in Opposition to TCF Equipment Finance, Inc.'s Motion to Enforce Settlement With Debtors* (the "Response") (D.E. # 284), which relate to *TCF Equipment Finance, Inc.'s Motion for Relief From Stay* (the "Stay Relief Motion") (D.E. #144), and the Debtors' *Response in Opposition to TCF Equipment Finance, Inc.'s Motion For Relief From Stay* (the "Debtors' Initial Response") (D.E. # 195), (c), and the Court, having

reviewed the file, having been advised that the Debtor and TCF Equipment Finance, Inc. ("TCF") agree to the entry of this Order, and being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1. The Motion, Response, Stay Relief Motion and Debtors' Initial Response are **RESOLVED** as provided herein.

2. The Debtors shall pay TCF adequate protection in the amount of $9,333.00 per month retroactive to July 1, 2011 as follows:

    (a) $18,666.00 for July and August 2011 to be paid no later than September 21, 2011;

    (b) $9,333.00 for September 2011 to be paid no later than October 12, 2011;

    (c) $9,333.00 for October 2011 to be paid no later than October 31, 2011; and

    (d) $9,333.00 to be paid commencing on November 1, 2011 and each month thereafter; *provided, however,* the Debtors will not be obligated to make an adequate protection payment to TCF in the month following the Effective Date (as defined under the Plan) under the Debtors' *First Amended Joint Plan of Reorganization* (the "Plan") (D.E. # 217) and, instead, the Debtors will be obligated to commence making payments to TCF under the Plan. It is the intention of the Debtors and TCF that the Debtors shall not be obligated to make payments to TCF for both adequate protection and under the Plan in any given month.[1]

3. The Debtors and TCF stipulate that (a) the value of the TCF collateral is $1,600,000.00, (b) TCF shall continue to hold and possess first priority, perfected and unavoidable security interests in the Manitowoc 999 crane, S/N 9991265, (c) TCF shall have an

---

[1] For example, if the Plan goes effective on October 20, 2011, the Debtors will not be obligated to make an adequate protection payment to TCF on November 1, 2011. Rather, payments to TCF under the Plan would commence thirty (30) days following the Effective Date.

allowed secured claim under the Plan in the amount of $1,600,000.00 (the "TCF Secured Claim"), (d) TCF shall have an allowed unsecured claim in the amount of $175,469.01 (the "TCF Unsecured Claim"), and (e) the loan documents with TCF shall be ratified and affirmed under the Plan, except as otherwise modified by this Order and the Plan.

4. The TCF Secured Claim and TCF Unsecured Claim shall be treated in accordance with the Plan.

5. TCF shall support confirmation of the Plan and withdraw, without prejudice, any pending objection to the Plan, and TCF shall file a ballot in support of the Plan.

6. Upon expiration of the fifteen (15) day negative notice period provided for hereinafter, and upon this Order becoming a final order, Mr. Steve Zeiger shall accept service of the state court complaint currently pending in Minnesota based on his personal guaranty and will execute a stipulation to a judgment in an appropriate form under Minnesota law (the "Stipulated Judgment") in favor of TCF on account of the personal guaranty in an amount equal to the sum of the TCF Secured Claim and the TCF Unsecured Claim, which shall thereafter bear interest at the rate of six percent (6%) per annum; *provided, however,* so long as the Debtors do not default under the Plan or the loan documents (which is not timely cured), TCF agrees that it shall not take any action to enforce the Stipulated Judgment for a period of eighteen (18) months from the date the Stipulated Judgment is entered by a court of competent jurisdiction; *provided, further, however,* that Mr. Zeiger shall be credited under the Stipulated Judgment for any amounts paid by the Debtors under the Plan or otherwise credited to the Debtors from the surrender or other disposition of the TCF collateral.

7. In the event that (a) the Debtors' Chapter 11 cases are converted to Chapter 7, or (b) the Debtors default in the payment of adequate protection and fail to cure such default

following ten (10) days written notice, or in the event Mr. Zeiger fails to comply with Paragraph 6 of this Agreed Order, TCF shall be entitled to seek immediate stay relief upon expedited notice and hearing in order to pursue its rights with respect to the TCF collateral.

8. **Creditors and parties in interest shall have fifteen (15) days from the date of service of this Order to file any objections to the entry of this Order or this Order shall become final and non-appealable.**

# # #

Submitted by:

Michael D. Seese, Esq.
Hinshaw & Culbertson, LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, Florida 33301
Telephone No. (954) 467-7900
mseese@hinshawlaw.com

      Attorney Seese is directed to serve conforming copies of this Order on all appropriate parties and to file a certificate of service with the Clerk of the Court

18523467  0920630